UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QP CAPITAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01800-JPH-MJD |
| | ) |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) |
| | ) |
| Defendant. | ) |

**JURISDICTIONAL SHOW CAUSE ORDER**

QP Capital, LLC brought this case against the Indiana Department of Child Services, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. 1 at 1. For the Court to have diversity jurisdiction under 1332(a)(1), the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states.

The Indiana Department of Child Services "is an agency of the State of Indiana," dkt. 1 at 1, and appears to be an "arm of the state," *Boston v. Ind. Dep. of Child Servs.*, No. 1:19-cv-3279-JRS-MPB, 2021 WL 795452 at *3 (S.D. Ind. Mar. 2, 2021); *see DuPage Reg. Off. of Ed. v. U.S. Dept. of Ed.*, 58 F.4th 326, 338–39 (7th Cir. 2023). The Court has diversity jurisdiction, however, over civil actions that are between *citizens* of different states." 28 U.S.C. § 1332(a)(1) (emphasis added). And "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cnty.*, 411

1

U.S. 693, 717 (1973); *see Issawi v. Penn. Higher Ed. Assistance Agency*, 745 Fed. App'x 638, 639 (7th Cir. 2018) ("[A] state cannot be a citizen of itself.").

Because this case does not appear to be between citizens of different states, QP Capital, LLC **SHALL SHOW CAUSE by November 3, 2023** why this case should not be dismissed without prejudice for lack of jurisdiction.

**SO ORDERED.**

Date: 10/10/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel